*E-filed 5/10/07*

ROBERT J. YORIO (SBN 93178)
ryorio@carrferrell.com
COLBY B. SPRINGER (SBN 214868)
cspringer@carrferrell.com
CHRISTINE S. WATSON (SBN 218006)
cwatson@carrferrell.com
CARR & FERRELL LLP
2200 Geng Road
Palo Alto, California 94303
Telephone:   (650) 812-3400
Facsimile:   (650) 812-3444

Attorneys for Plaintiff
ACTICON TECHNOLOGIES LLC

MICHAEL J. BETTINGER (SBN 122196)
CHIEN-WEI CHOU (SBN 166798)
ANUP TIKKU (SBN 184612)
K&L GATES
55 Second Street, Suite 1700
San Francisco, CA 94105
Phone:  (415) 882-8200
Fax:  (415) 882-8220
mike.bettinger@klgates.com
chris.chou@klgates.com
anup.tikku@klgates.com

Attorneys for Defendants
CNET TECHNOLOGY CORP.,
CNET TECHNOLOGY, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ACTICON TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>PRETEC ELECTRONICS CORP., a California corporation; C-ONE TECHNOLOGY CORPORATION, a foreign corporation; CNET TECHNOLOGY CORP., a California corporation; CNET TECHNOLOGY, INC., a foreign corporation; and MACE GROUP, INC., d/b/a MACALLY PERIPHERALS, INC., a California corporation, and MARGI SYSTEMS, INC., a California corporation,<br><br>Defendants. | CASE NO. C 06 4679 JF (HRL)<br><br>STIPULATED PROTECTIVE ORDER<br>AS AMENDED BY THE COURT |

# STIPULATED PROTECTIVE ORDER

IT IS HEREBY ORDERED that the following Protective Order be entered in this matter and that the parties shall follow the procedures set forth below with respect to information, documents, or things produced in this litigation:

1. This Protective Order shall be applicable to and govern all depositions, documents, information or things produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial or other hearings, matters in evidence and other information that the disclosing party designates as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" hereafter furnished, directly or indirectly, by or on behalf of any party or any non-party witness in connection with this action. As used herein, "disclosing party" shall refer to the parties to this action and to third parties who give testimony or produce documents or other information. No confidentiality designation may be made without a good faith determination that the material warrants protection under Federal Rule of Civil Procedure 26(c).

2. Subject to Section 13 hereof, the following information may be designated as "CONFIDENTIAL": any trade secret or other confidential research, design, development, financial, or commercial information contained in any document, discovery response or testimony, or any other information which a party in good faith believes should be treated as "CONFIDENTIAL".

3. Subject to Section 13 hereof, the following information may be designated as "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY": any trade secret or other confidential research, design, development, or commercial information contained in any document, discovery response, or deposition testimony that is entitled to a higher level of protection due to its commercial sensitivity, or any other information which a party in

good faith believes should be treated as " HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY". Certain sensitive business and technical information that could provide a competitive advantage to the receiving party shall be designated and treated as "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY."

4.  A disclosing party may also designate materials as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" if it contains information that the disclosing party, in good faith, believes is confidential or proprietary to a third-party. Material designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" shall be used by the parties to this litigation solely for the purpose of conducting this litigation, and not for any other purpose whatsoever.

5.  Disclosing parties shall designate "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" information as follows:

(a)  In the case of discovery responses and the information contained therein, designation shall be made by placing the following legend on every page of any such document prior to production: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY." Except as provided in paragraph fourteen (14), in the event that a party inadvertently fails to stamp or otherwise designate a document or other information as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" at the time of its production, that party shall have five (5) business days after such production to so stamp or otherwise designate the document or other information.

(b) In the event that either party elects to produce documents for inspection only pursuant to FRCP 34(a), all original documents produced for inspection shall be treated as "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" for a period not to exceed five (5) business days after the receiving party inspecting the documents has indicated the documents it desires to be copied. After a receiving party inspecting the documents has indicated the documents it desires to be copied, and before such copies are provided to the requesting party, the producing party shall have a reasonable time, not to exceed the aforementioned five (5) business days, to review the copied documents and designate them as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" pursuant to the terms of this Order.

(c) In the case of depositions, designation of the portion of the transcript (including exhibits) that contains "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" information shall be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript, by counsel for a party within five (5) business days after counsel's receipt of the transcript.

(d) Transcripts of depositions will not be filed with the Court unless it is necessary to do so for purposes of motion hearings, trial, or other matters. If a deposition transcript is filed and if it contains "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" information the transcript shall bear the appropriate legend on the caption page and shall be filed under seal.

(e) Any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY"

information produced in a non-paper media (e.g., videotape, audiotape, computer disk, etc.) may be designated as such by labeling the outside of such non-paper media as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY." In the event a receiving party generates any "hard copy," transcription, or printout from any such designated non-paper media, such party must stamp each page "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" and the hard copy, transcription or printout shall be treated as it is designated.

6. If any information designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" is filed or submitted to the Court, it shall be produced in sealed envelopes or containers indicating the following:

    (a) the case caption;

    (b) the nature of the contents therein; or

    (c) the words "CONFIDENTIAL [ or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY"] – NOT TO BE OPENED EXCEPT BY ORDER OF THE COURT."
Any party that wishes to file material under seal must comply with Civil Local Rule 79-5.

7. Disclosure of all "CONFIDENTIAL" information shall be limited to:

    (a) The outside attorneys working on this action, on behalf of any party, and any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel;

    (b) The employees of the parties who are required to work directly on this litigation, only to the extent necessary to perform such work.

(c) Officers of the Court and supporting personnel or officers of any appellate court to which an appeal may be taken in this litigation or in which review is sought, including necessary stenographic and clerical personnel (e.g. court reporters);

(d) Other qualified reporters taking and videographers recording testimony involving such information and necessary stenographic and clerical personnel thereof;

(e) Any person who was an author or recipient of the "CONFIDENTIAL" information prior to the commencement of this litigation, but if the person is not an employee of the party to which the "CONFIDENTIAL" information belongs, such person may not retain a copy of such information;

(f) Any person of whom testimony is taken regarding the "CONFIDENTIAL" information, except that if the person is not an employee of the party to which the "CONFIDENTIAL" information belongs, such person may only be shown copies of "CONFIDENTIAL" information during his/her testimony, and may not retain a copy of such "CONFIDENTIAL" information; and

(g) Any person who is expressly retained by any outside attorney described in paragraph 7(a) to assist in preparation of this action for trial, who is not employed by, affiliated with (whether as a consultant or otherwise), controlled by, agents of, or materially interested in any party or any competitor of any party, with disclosure only to the extent necessary to perform such work;

8. Information designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be used solely for the purposes of this litigation between the parties hereto. "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information shall not be disclosed, except by the prior written consent of the disclosing party or third party, or pursuant to an order of this Court, to any person other than the following:

(a) The outside attorneys working on this action on behalf of any party, and any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel.

(b) One designated and disclosed in-house counsel or officer of each party who is required to work directly on this litigation, only to the extent necessary to perform such work.

(c) Officers of the Court and supporting personnel or officers of any appellate court to which any appeal may be taken in this litigation or in which review is sought, including necessary stenographic and clerical personnel (e.g. court reporters).

(d) Other qualified reporters taking and videographers recording testimony involving such information and necessary stenographic and clerical personnel thereof;

(e) Any person who is an author or recipient of the "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" information prior to the commencement of this litigation, but if the person is not an employee of the party to which the "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" information belongs, such person may not retain a copy of such information; and

(f) Any person who is expressly retained by any outside attorney described in paragraph 8(a) to assist in preparation of this action for trial, who is not employed by, affiliated with (whether as a consultant or otherwise), controlled by, agents of, or materially interested in any party or any competitor of any party, with disclosure only to the extent necessary to perform such work.

9. Information designated as "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" shall be used solely for the purposes of this litigation between the parties hereto. "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" information shall not be

disclosed, except by the prior written consent of the disclosing party or third party, or pursuant to an order of this Court, to any person other than the following:

(a) The outside attorneys working on this action on behalf of any party, and any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel.

(b) Officers of the Court and supporting personnel or officers of any appellate court to which any appeal may be taken in this litigation or in which review is sought, including necessary stenographic and clerical personnel (e.g. court reporters).

(c) Other qualified reporters taking and videographers recording testimony involving such information and necessary stenographic and clerical personnel thereof;

(d) Any person who is an author or recipient of the "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" information prior to the commencement of this litigation, but if the person is not an employee of the party to which the "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" information belongs, such person may not retain a copy of such information; and

(e) Any person who is expressly retained by any outside attorney described in paragraph 9(a) to assist in preparation of this action for trial, who is not employed by, affiliated with (whether as a consultant or otherwise), controlled by, agents of, or materially interested in any party or any competitor of any party, with disclosure only to the extent necessary to perform such work.

10. Nothing herein shall restrict any party's use of its own "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" information.

11. Prior to disclosure of any "CONFIDENTIAL" information which belongs to an opposing party to any persons in paragraphs 7(b), 7(e), 7(f), and 7(g), prior to disclosure

of any "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY' information which belongs to an opposing party to any persons in paragraphs 8(b), 8(e) and 8(f), and prior to disclosure of any "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" information which belongs to an opposing party to any persons in paragraphs 9 (d) and 9(e), the procedure set forth in paragraph 12 shall be followed.

12.   Prior to the disclosure of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" information which belongs to an opposing party to persons in paragraphs 7(b), 7(e), 7(f), 7(g), 8(b), 8(e), 8(f), 9(d) or 9(e) the outside counsel in this litigation for the party making the disclosure shall advise each person that the information is "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY", can only be discussed with persons authorized by this Protective Order to view the material and can only be used for purposes of this litigation. Counsel shall retain, but need not disclose, a copy of a signed undertaking of each person to whom disclosure is made under paragraphs 7(e), 7(f), and 7(g). Counsel shall retain and disclose to the other party a copy of a signed undertaking of each person to whom disclosure is made under paragraph 8(b), 8(e), 8(f), 9(d) and 9(e), except that the disclosure of the signed undertaking with respect to retained experts may be made at the time such experts are designated in the litigation. The written undertaking, which shall be in the form of Exhibit A hereto, shall acknowledge that he or she has read and understands this Protective Order, and agrees to comply with this Protective Order.

13.   A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" designation at the time made, and

failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the producing party written notice of its disagreement with the designation. Within five (5) business days after receiving any written notice, the producing party shall respond to the challenging party identifying in writing the bases for the asserted designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court, but in any event, such relief from the Court shall not be requested before ten (10) business days after the producing party is served with said written notice. The burden is on the party seeking protection to show that it is warranted.

14. Failure of counsel to designate or mark any document, thing, or testimony as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" information as provided above shall not preclude the disclosing party from thereafter in good faith making such designation and requesting the receiving party to so mark and treat such documents and things so designated even after the expiration of the "five (5) business days" designation period described in paragraph 5(a). The receiving party, however, shall incur no liability for disclosures made prior to notice of such designations.

15. If "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" information is disclosed to any person other than in the manner authorized by this Protective Order, the person responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all parties, without prejudice to other rights and remedies of any party, and shall make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

STIPULATED PROTECTIVE ORDER 10 Case No. C 06-4679
PRINTED ON RECYCLED PAPER

~~16. The Clerk of the Court is directed to maintain under seal all documents and all transcripts of deposition testimony filed with this Court in this litigation by any party that are, in whole or in part, designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY", including all pleadings, deposition transcripts, exhibits, discovery responses or memoranda purporting to reproduce or paraphrase such information. The person filing such material shall designate to the Clerk that all or a designated portion thereof is subject to this Protective Order and is to be kept under seal, except that upon the failure of the filing party to so designate, any party may do so.~~

17. In the event that any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" information is used in any court proceeding in connection with this litigation, it shall not lose its "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

18. The inadvertent production in the course of discovery in this action of any document or information (whether or not designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY") shall not be deemed to waive whatever attorney-client privilege, work product protection or other privilege or immunity that would otherwise attach to the document or information produced or to other documents or information, as long as the producing party or person, promptly after discovery, notifies the other party or parties of the claim of privilege or other protection or immunity. Upon such notice, the other party or parties shall promptly destroy all copies of the documents or information

PRINTED ON RECYCLED PAPER

referred to, including any summaries thereof, and notify the producing party that it has done so. Such destruction and notice shall not constitute an acknowledgment that the claimed document or information is in fact privileged or entitled to protection or immunity and does not preclude the receiving party from seeking to compel production of the materials for reasons other than its inadvertent production.

19. Within 60 days after the final termination of this litigation, counsel for each Party shall return to the originating source, or certify in writing the destruction of, all "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" information of the opposing party or parties and all copies thereof; provided, however, outside counsel of record for each party may retain attorney work product containing such information, and may petition the Court to retain one copy of each document for good cause shown.

20. Nothing herein shall prevent any party from moving the court for modification of this Protective Order for good cause.

21. Except as specifically provided herein, the terms, conditions, and limitations of this Protective Order shall survive the termination of this action.

22. Nothing herein shall be deemed to constitute a waiver of any objection a producing party may have to any request for production of documents or other requested discovery. Nothing herein shall prevent any party from objecting to production of documents or objecting to other discovery requests on any available grounds, or from seeking alternative protective orders from the Court.

23. The court shall retain jurisdiction to enforce the terms of this order for 6 months after final termination of the action.

///

///

IT IS SO ORDERED this __10__ day of May, 2007

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

Approved as to form:

K&L GATES

By_____/s/_____     April 20, 2007
    Anup Tikku
       Attorneys for Defendants
       CNET TECHNOLOGY CORP. and
       CNET TECHNOLOGY, INC.


CARR & FERRELL LLP


By_____/s/_____     April 20, 2007
    Robert J. Yorio
       Attorneys for Plaintiff
       ACTICON TECHNOLOGIES LLC.

EXHIBIT A

UNDERTAKING

I acknowledge that I, _____

(Name), of _____ (Place and Position of Employment), am about to receive "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" information supplied by _____ (Party). I certify that I understand that such information will be provided to me pursuant to the terms and restrictions of the PROTECTIVE ORDER of _____, 2007, in *Acticon Technologies LLC v. Pretec Electronics Corp., et. al., Case No. C 06-4679 JF (HRL)*, in the United States District Court for the Northern District of California. I further represent that I have been given a copy of and have read the PROTECTIVE ORDER, that I agree to be bound by all of its applicable terms, and that I submit to the jurisdiction of the United States District Court for the Northern District of California for matters relating to this Undertaking and the PROTECTIVE ORDER. I also understand that documents and/or information bearing any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" designation, and all copies, summaries, notes and other records that may be made regarding such documents and/or information, shall be disclosed to no one other than persons qualified under the PROTECTIVE ORDER to have access to such information.

I understand and acknowledge that violation of this Undertaking or the PROTECTIVE ORDER may be punishable by Contempt of Court.

DATED this _____ day of _____, 2007.

By: _____

STIPULATED PROTECTIVE ORDER          14          Case No. C 06-4679
PRINTED ON RECYCLED PAPER